UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
19-cv-2401 (SRN/KMM)

Jesse LeBlanc,

      Plaintiff,

v.

Robert Wilkie[1], in his official capacity as
Secretary of the United States Department
of Veterans Affairs,

      Defendant.

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Defendant, Denis McDonough, Secretary of the Department of Veterans Affairs, hereby files this memorandum in opposition to Plaintiff's Motion for Partial Summary Judgment. Dkt. 51. Plaintiff moves for summary judgment on his reasonable accommodation claims, pressing his theory that the VA failed to interact with him and could have provided a reasonable accommodation. As the United States showed in its memorandum in support of its motion for summary judgment, both of these theories fail as a matter of law. The VA interacted with Mr. LeBlanc over the course of several months, during which time he repeatedly submitted medical documentation and repeatedly confirmed that he could not work his normal night shifts. To this day, Mr. LeBlanc fails to identify an accommodation that would have satisfied his medical needs, been consistent

---

[1] As of the date of this filing, the VA's Secretary is Denis Richard McDonough. Secretary McDonough should be substituted for Defendant Wilkie pursuant to Federal Rule of Civil Procedure 25(d).

1

with his requests, and which VA reasonably could have implemented.  Mr. LeBlanc needed

an accommodation that violated the VA's union contract, and the VA was not required to

provide it.  They did the next best thing – an indisputably reasonable and effective thing—

in reassigning him to a position that would accommodate his need for a stable, day-shift

schedule, with limited weekends, and limited overtime.  The VA is entitled to summary

judgment, and Mr. LeBlanc's motion should be denied.

The VA proved it is entitled to summary judgment on Mr. LeBlanc's reasonable

accommodation claims in its opening memorandum.  Dkt. 77.  The VA fully incorporates

those arguments here, and files this opposition to address any additional points raised in

Mr. LeBlanc's memorandum.

## I.      The VA did not discriminate against Mr. LeBlanc on the basis of his disability when it granted him a reassignment as an accommodation.

The VA disagrees with the legal framework that Mr. LeBlanc has put forward for

his disability discrimination claim.  Plaintiff's MSJ Memo. at 12-20.  Mr. LeBlanc purports

to assert a disability discrimination claim, relying on *Cravens v. Blue Cross & Blue Shield*,

214 F.3d 1011, 1016 (8th Cir. 2000), for the standard for asserting such a claim.  P's MSJ

Memo, Dkt. 53, at 12.  *Cravens* certainly does set forward the standard for a disparate

treatment claim under the ADA, but, to the extent Plaintiff is making a disparate treatment

claim based upon his reassignment, that claim must be evaluated under the McDonnell

Douglas, burden-shifting analysis.  *See* VA MSJ Memo, Dkt. 77 at § IV.

The *Cravens* decision does not find liability based solely on the idea that the plaintiff

there met the three first elements that Mr. LeBlanc sets out for his prima facie case.  And,

the VA disputes that Plaintiff can do so here.  Rather, in the context of a dispute concerning

the proper accommodation for a disability, *Cravens* makes clear that a reasonable

accommodation claim requires the plaintiff to make a facial showing that a reasonable

accommodate is possible.  214 F.3d at 1016.  The facts in *Cravens* were the inverse of

those presented here; the plaintiff sought to impose an obligation on her employer to offer

a reassignment as an accommodation.  The court in *Cravens* goes on to analyze in detail

when an employer is obligated reassign an employee and finds that an employer is required

to consider reassignment as "a component part of the overall reasonable accommodation

duty."  *Id.* at 1018.  And, relevant to this matter, *Cravens* makes clear that reassignment,

like other accommodations, is not required if it would violate the contractual rights of other

works under a collective bargaining agreement.  *Id.* at 1020.

The VA does not dispute that LeBlanc was disabled or generally that he was

qualified to perform the essential functions of the police officer job with or without a

reasonable accommodation.[2]  The VA never denied that Mr. LeBlanc was entitled to an

accommodation, and, as shown in our opening brief and more below, the VA worked with

him to get to a reasonable accommodation.  The VA does dispute, however, that Mr.

---

[2] Mr. LeBlanc focuses heavily on his evaluation by the occupational health doctor within
the VA.  The doctor's finding that Mr. LeBlanc could perform the duties is a red herring.
The doctor did not perform any reasonable accommodation analysis.  The VA does not
dispute that Mr. LeBlanc was able to perform the functions of his job – running, etc.  But
Mr. LeBlanc requested an accommodation because the schedule of his job exacerbated his
symptoms.   The occupational health doctor did not make a finding of whether Mr.
LeBlanc's symptoms, when exacerbated, impaired his ability to do his job or were a
concern. The occupational health doctor's analysis is simply not relevant, and the real issue
in the case is whether the VA reasonably and effectively accommodated him.

LeBlanc suffered and adverse action that would support a claim for disability discrimination when he was reassigned as an accommodation.  VA's MSJ Memo., Dkt. 77, at 24-25.[3]  Mr. LeBlanc's legal framework and attempt at asserting a disparate treatment claim in the context of the reasonable accommodation process conflates the VA's efforts to accommodate him with a disparate treatment claim.

Were the Court to consider a disparate treatment claim in the context of the reasonable accommodation process here, the VA's legitimate, non-discriminatory reason for the reassignment would be that it believed this to be required of it under the ADA's reasonable accommodation process when Mr. LeBlanc's requested accommodation violated the CBA.  *See generally*, Hovre Declaration (Dkt. 71), Thieschafer Decl. (Dkt. 79), Ex. 24 (Dkt. 79-4), Ex. 28 (Dkt. 79-8).  Dr. Hovre explained the VA's position that certainly his disability was considered during the reassignment process:  "Well, not an adverse factor.  Yes, it's a factor.  The reasonable accommodation process is for people with disabilities, employees with disabilities.  So when an employee has a disability, and they can't do some essential piece of their job, they ask for the agency to do an accommodation for them . . . .  the reassignment option, which is still an accommodation,

---

[3] The cases Plaintiff cites in support of his argument that <u>any</u> transfer, including one provided as a reasonable accommodation, is an adverse action all arise outside the context of reasonable accommodation claims. E.g., *Baucom v. Holiday Cos.,* 428 F.3d 764 (8th Cir. 2005) (disparate treatment claim for reduction in hours, negative performance reviews, and hostile work environment claim). Or, they present a situation in which an employer refused to reassign. *Burchett v. Target Corp.*, 340 F.3d 510 (8th Cir. 2003)(employer not obligated to reassign when other accommodations had been offered, holding that reassignment is required only if it is the only accommodation that will enable the employee to continue working).

because what the agency is required to do is provide an effective accommodation, which is not necessarily always the accommodation the employee asked for.  We try to go for what they ask for, but if there's an alternative that will be effective, that's what we're required to do." Dkt. 81, Hovre Aff. At USA_0001707:14-22.[4]   The VA's consideration of his disability was part and parcel of its obligation under the law to explore his limitations and provide an accommodation.  It was not the basis for any alleged disparate treatment.

LeBlanc has not pled that his reassignment was pretextual and that the cause of the decision was to discriminate against him because of his disability.  He has not offered any evidence that he was treated differently in being reassigned than any similarly situated individual.  His framework improperly applies the disparate treatment analysis to what is really a failure to accommodate claim, to be evaluated under the framework set forward in *Peebles v. Potter*, 354 F.3d 761 (8th Cir. 2004), VA MSJ Memo., Dkt. 77 § II.  Mr. LeBlanc's motion for summary judgment on his disability discrimination claim fails as a matter of law.

II.     **The VA did accommodate Mr. LeBlanc in a reasonable, effective manner that implemented his doctor's recommendations and his requests.**

Mr. LeBlanc's motion for summary judgment must also fail, and the VA's motion must be granted, because the VA fully participated in good faith with Mr. LeBlanc in evaluating his reasonable accommodation request and accommodating him.  *See generally* VA MSJ Memo., Dkt. 77, Argument §§ II, III. Mr. LeBlanc's motion makes clear that in

---

[4] The VA cited the Hovre Affidavit and an Affidavit of Chief Blumke in its Opening Memoranda.  It has come to our attention that these were inadvertently not filed on the docket, and we remedied that today in Dkts. 81-82.

this litigation he seeks to distance himself from his repeated requests for a day-shift schedule and his doctor's indication that he needed a day-shift schedule.  Throughout the interactive process, Mr. LeBlanc and his doctors emphasized the importance of working days, not moving back and forth between day and night shifts, and having stability in his schedule.  This was consistent and reiterated over and over by Mr. LeBlanc.  He also requested limited weekends and limited overtime.  The VA's accommodation provided all of those things and he cannot now assert that they should have done something different to accommodate him.

   a.  The VA has shown that no possible accommodation of limited night shifts and stable schedule without rotation back and forth between day and nights would have been possible without violating the Master Agreement.

To prevail on his claim, Mr. LeBlanc must show that he is an otherwise qualified person with a disability and that the requested accommodation was "reasonable on its face, *i.e.,* ordinarily or in the run of cases." *Peebles*, 354 F.3d at 768.  The burden then shifts to Defendant to show "special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances." *Id*.  Mr. LeBlanc cannot make his prima facie case because  the VA did provide an effective, reasonable accommodation.  And, its reason for not selecting the accommodation of Mr. LeBlanc's choice was an unreasonable as a matter of law because it violated the Master Agreement.

Mr. LeBlanc does not dispute that a day-shift schedule would violate the Master Agreement.  *See* VA MSJ Memo., Dkt. 77, Undisputed Facts § III, Argument § II, pp. 20-23.  Rather, he argues that the VA over-accommodated him by giving him a day-shift schedule.  He spends the majority of his argument suggesting that the VA either should

have denied the accommodation request and allowed him to continue working as a police

officer or scaled it back.  He does not explain why he continued to request the "limited

nights" and all of the other accommodations he originally started with, why he did not

provide clarifying medical documentation, or why he did not withdraw parts of his

accommodation request if he really did not need them to accommodate his disability.

The VA set forward in detail the undisputed, material factual record showing that

Mr. LeBlanc repeatedly requested a day-shift schedule that was stable.  VA MSJ Memo.,

Dkt. 77, pp. 3-9.   Even in his motion for summary judgment Plaintiff cannot identify an

accommodation that would have worked for Mr. LeBlanc and not violated the Master

Agreement.  For example, at page 22, Plaintiff states that the VA failed to consider a "stable

schedule," with no further explanation of what that would be.  The Panama Schedule that

Mr. LeBlanc was on, was the VAPD's "stable schedule."  But, it required night shifts and

it cannot be disputed that Mr. LeBlanc requested a deviation from that Panama Schedule.

Plaintiff does not cite authority for the proposition that the VA had to provide an

accommodation that would allow him to remain in his police officer position, despite the

conflict between his accommodations and the Master Agreement.[5]  The VA did provide an

accommodation, a reassignment, that allowed him to continue working in a position that

---

[5] Mr. LeBlanc argues throughout his brief that the VA did not show undue hardship, but
the VA's accommodation decision was based upon a violation of the Master Agreement.
It is clear Eighth Circuit law that an accommodation that would violate a collective
bargaining is not reasonable, and the Court has never said that an employer in that situation
must separately demonstrate undue hardship through some other means. *Faulkner v.
Douglas County*, 906 F.3d 728, 732-34 (8th Cir. 2018); *Cravens*, 214 F.3d at 1018
(reassignment that violates contractual rights of other employees is not required); *Benson
v. Nw. Airlines, Inc.*, 62 F.3d 1108, 1114 (8th Cir. 1995).

was consistent with his requested accommodation and his medical documentation.  It is not

clear where the VA obligation to provide an accommodation that would keep him in his

position comes from or, as set forward above, what that accommodation would have been.

Plaintiff's claim fails, and the VA is entitled to summary judgment.

> b.  The VA cannot be liable for failure to engage in the interactive process where
>     it followed its detailed process, interacted with Mr. LeBlanc extensively, and
>     accommodated him.

The VA satisfied its obligations to engage with Mr. LeBlanc in the interactive

process.  Plaintiff cites several out-of-circuit cases on the interactive process (P's MSJ

Memo. at 28), which generally stand for the proposition that an employer must interact and

cannot ignore the request or stick its head in the sand.  The undisputed facts in the record

here show that the VA's efforts were great and went well beyond any case finding liability

for failure to interact.

An employer faces liability for a failure to engage in the interactive process only if

a reasonable accommodation would have been possible, but was not given. *See Minnihan*

*v. Mediacom Communications Corp.*, 779 F.3d 803, 812 (8th Cir. 2015).  Mr. LeBlanc

focuses on the time period after the VA determined that it could not extend the interim

accommodations without violating the Master Agreement.  Plaintiff argues, without

citation to authority, that the VA had an obligation to reconsider alternative

accommodations.  Plaintiff is wrong, and the VA is entitled to summary judgment.

The record is clear, however, that the VA did continue to interact with Mr. LeBlanc

after this point.  Under the VA's policies Mr. LeBlanc had the opportunity to seek

reconsideration of the reasonable accommodation decision through a higher-level

decisionmaker, Ms. Thieschafer.   He did that.   And, Ms. Thieschafer considered his

arguments and found that reassignment was the accommodation the VA would offer.

The interactive process is used to determine "the precise limitations resulting from

the disability and potential reasonable accommodations that could overcome those

limitations."   29 C.F.R. § 1630.2(o)(3).   Here, the extensive back and forth with Mr.

LeBlanc, including multiple rounds of medical documentation, was an interactive process

through which the VA determined that a day shift was necessary to accommodate Mr.

LeBlanc.   Mr. LeBlanc's position that he wanted "limited nights" remains today, and there

is no additional interaction that was necessary between him and the VA for the VA to

understand what he requested, what his doctor thought he needed, and what schedule would

achieve those objectives.   *See Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 98 (2d Cir.

2015).   The interactive process did not fail in this case.   Mr. LeBlanc simply did not like

the reasonable and effective accommodation that the VA chose.[6]

Plaintiff cites *Barnes v. Northwest Iowa Health Ctr.*, 238 F. Supp. 2d 1053 (N.D.

Iowa 2002), a case that mainly focuses on litigating whether plaintiff has a disability under

the law that existed prior to Congress's passage of the ADA Amendments Act in 2008.

Barnes is entirely distinguishable.   There, an offer of employment had been made to the

plaintiff, and was rescinded when the employer determined that she could not do the

essential functions of the job based upon a disability.   The court denied summary judgment

---

[6] Mr. LeBlanc agrees that the VA does not have to provide his preferred accommodation.
See Plaintiff's MSJ Memo. at 21-22.

9

to the defendant on plaintiff's reasonable accommodation claims after finding that plaintiff had "no opportunity to interact with, much less request accommodation, before [the employer] unilaterally concluded that there existed no accommodations." 238 F. Supp. 2d at 1087. The court highlighted the fact that this was an applicant for employment, rather than a long-term employee, like Mr. LeBlanc. The undisputed facts demonstrate that Mr. LeBlanc availed himself of the VA's reasonable accommodation process, interacted over the course of several months, and was accommodated (though not in the manner of his choice). *Faidley v. United Parcel Serv. of Am., Inc.*, 889 F.3d 933, 943–44 (8th Cir. 2018).

It was also critical for the *Barnes* holding that plaintiff had made a showing that there were possible accommodations that were not considered. In *Barnes*, the plaintiff had a physical disability that the employer determined would interfere with patient lifting and other job responsibilities. Plaintiff identified a hoyer lift and a wheelchair as accommodations that could have been possible, and therefore the court did not grant summary judgment to the employer on the claim. 238 F. Supp. 2d at 1089.

Mr. LeBlanc's situation could not be more different. Plaintiff has not met his prima facie burden to show that there was a reasonable accommodation that was possible, and he certainly is not entitled to summary judgment. He refers only generally to the idea that the VA could have continued "other accommodations" or continue with other accommodations that it afforded him during the interim accommodation period.[7] Memo. at 22, 24. LeBLanc

---

[7] The other accommodations Mr. LeBlanc mentions in his memorandum are stable pattern, a last resort for schedule changes and overtime, and limiting weekend shifts. Memo. at 22; *see also* Dkt. 56-9. As a last resort for schedule changes and overtime, Mr. LeBlanc agreed that generally there were requests for overtime and employees could volunteer. Dkt. 60

did not identify any "other accommodation" that would have been reasonable when interacting with the VA, in his Amended Complaint, in his deposition, or now. At the May 1, 2018 meeting between LeBlanc, Hovre, and Blumke, Mr. LeBlanc confirmed that he wanted the day-shift schedule and requested additional accommodations in the form of more stability in his schedule. Dkt. 71-3 (Ex. 33, Hovre notes from May 1 meeting). The VA's reassignment provided him with stability, predictability, no weekends, no overtime, and no shifting back and forth between day and night shift. And, most importantly for the agency, it did not violate the Master Agreement.

---

(LeBlanc Depo. 46:6-47:19). There was a system in place at the VA that rotated mandated overtime shifts across employees. *Id*. Obviously, limiting weekends beyond what was allotted on the Panama schedule would cause identical issues to eliminating night shifts. Dkt. 56-8 (Hovre Depo. 72:4-20).

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Partial Motion for

Summary Judgment and grant the VA's Motion for Summary Judgment.


Dated:  February 11, 2021


Respectfully submitted,                                      ERICA H. MacDONALD
                                                            United States Attorney

                                                            s/  Ana H. Voss
                                                            BY:  ANA H. VOSS
                                                            Assistant U.S. Attorney
                                                            Attorney ID No.  483656DC
                                                            600 United States Courthouse
                                                            300 South Fourth Street
                                                            Minneapolis, MN 55415
                                                            Phone:  612-664-5600
                                                            Email: Ana.Voss@usdoj.gov